STATE

v.

Raymond BEAUMIER.

No. 83–507–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1984.

Dennis J. Roberts II, Atty. Gen., Thomas M. Dickinson, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief of Appellate Div., for defendants.

## OPINION

**PER CURIAM.**

After publication of the opinion in the above-entitled case, on August 1, 1984, the defendant filed a motion for clarification and the state filed a petition for reargument. The defendant claims that the court overlooked his argument that the consent to search given by the defendant's wife was tainted by the initial illegal entry into the defendant's home by the police. In making this contention, the defendant is in error.

 Earlier, in considering defendant's claim that the trial justice erred in concluding that the wife's consent was free of taint, we were well aware of the court's obligation, as set forth in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), to consider (1) the time interval between the initial illegal entry and the consent to search; (2) the presence of intervening circumstances occurring during this period; and (3) the circumstances surrounding, and the nature of, the initial misconduct. We were, at the time of our initial consideration, also quite conscious of the fact that the trial justice, after an extensive review of the evidence during which she rejected much of the testimony presented by defendant's wife, reached the conclusion that the situation prevailing in the house when the wife signed the consent was "significantly different" from the atmosphere that prevailed when the police initially entered the premises. The trial justice was of the belief that the "primary taint had been completely dissipated and eradicated."

We were and remain of the belief that the state has sustained its burden of proof concerning the eradication of the taint. Thus, the trial justice's denial of the suppression motion was correct, and defendant's clarification motion is denied.

In pursuing its motion for reargument, the state claims that this court's reversal of Beaumier's conviction because of the trial justice's refusal to allow Beaumier to impeach the prosecution's star witness, a police officer, by making the jury aware that the officer was the subject of a police investigation at the time of the alleged robbery conflicts with the conclusion the court reached two weeks earlier in *State v. Edwards*, R.I., 478 A.2d 972 (1984). This alleged conflict, in the Attorney General's

opinion, creates an ambiguity that can only be resolved by reargument. We disagree.

 In *State v. Eckhart*, 117 R.I. 431, 435–36, 367 A.2d 1073, 1075 (1977), we recognized that the right of a defendant in a criminal case to establish the motives of the witnesses against him, such as prejudice, bias, or interest, is an important component of the Sixth Amendment right of confrontation; we also recognized that even though greater latitude is to be extended to the cross-examiner in such cases than when the examiner is engaged in a general broadside attack on a witness's credibility, the trial justice continues to retain the right to preclude inquiry that is irrelevant or lacking in any probative force. The results in the *Edwards* case and the *Beaumier* case were each based on the question of relevancy.

Edwards was charged with the January 1982 robbery of a gas station. He lived near the gas station. When the police arrived, the attendant identified Edwards as the robber, and he was arrested within minutes. At trial Edwards's counsel made an offer of proof in which he asserted that the defense would show that the attendant, by testifying, was attempting to curry favor with the Attorney General's department. Counsel then went on to explain that during a one-month period during the fall of 1982 the attendant, through the unauthorized use of a customer's credit card, had embezzled from his employer about $1,000 worth of gasoline. As a result, criminal charges were brought against him; but in January of 1983 the attendant became a participant in a diversionary program sponsored by the Attorney General's department. The trial justice rejected the offer of proof, pointing out that there was no need to curry favor because at the time of trial the attendant had been accepted into the program and, both at trial and before the grand jury, had consistently maintained that Edwards had been the robber. Thus, the currying evidence was rejected as being irrelevant.

The scenario in *Beaumier* presented a different picture. The record in that case makes it clear that Beaumier's defense was based on his contention that he never called Sergeant Lewis. Here the defense was prepared to show that at the time of the alleged call, the officer was then being investigated by the Rhode Island State Police and thus was attempting to curry favor with his superiors by his arrest of Beaumier. Consequently, the evidence of the ongoing investigation was certainly relevant to the issue of the question of motive and should have been admitted for the jury's consideration.

The petition for reargument is denied.

BEVILACQUA, C.J., did not participate.